IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02417-EWN-BNB

JACQUELINE E. LEE,

      Plaintiff,

v.

UNIVERSITY OF COLORADO, through its Board,
The Regents of the University of Colorado, a body corporate;

      Defendant.

_____

## PROTECTIVE ORDER
_____

      This Order is designed to preserve the confidentiality of certain information contained in documents produced by the parties pursuant to the terms of this Order.  Documents deemed to be confidential by the parties shall be so designated in accordance with this Order.

      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect materials entitled to be kept confidential, the following terms shall control:

      1.      The parties have requested or may request the production of certain documents in this case that are in the physical possession of the opposing party which the latter contends should be treated as confidential, proprietary, or otherwise entitled to the protections of a Protective Order.

1

2.      By producing documents that have been designated as confidential pursuant to this Order, the parties do not waive, but rather expressly reserve any and all legal rights, privileges, or immunities applicable to such documents.

3.      Documents which are produced by the parties in response to any discovery request and which the parties deem as "Confidential Information" shall be designated as such pursuant to this Order.

4.      The parties, when seeking the protection of this Order for information contained in any document or tangible thing, shall at the time of production identify the documents which are confidential.  The parties will mark each document or thing (or copy thereof) with a legend in substantially the following form:

**"CONFIDENTIAL -- Subject to Protective Order"**

or shall otherwise mark the document or thing in a way that brings to the attention of a reasonable examiner the request for confidential treatment.  Personnel records or the like can be generically designated as Confidential Information.  Court filings that include, *inter alia*, interrogatory answers, responses to requests for admission, deposition transcripts, videotapes, exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information, must also be stamped or marked accordingly.  To the extent that any documents previously produced or other information previously disclosed (e.g., interrogatory answers, responses to requests for admission, deposition transcripts, videotapes, exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information) are considered by the parties to be entitled to protection under this Order, the parties may identify such information in writing to counsel and such material will be treated as Confidential

2

Information pursuant to the provisions of this Order.  All designation of documents and materials as confidential shall be done in good faith and by the attorney(s) of record, or a paralegal who is familiar and knowledgeable with the terms of this Order.

5.      The designation of confidentiality provided for in this Order does not expand the basis for any claim of confidential information, proprietary information, or privilege, but is a mechanism for making and expediting discovery of documents and things that would, or could, be classified as documents and things entitled to protection pursuant to statute or case law.  The burden of demonstrating that confidentiality or privilege applies shall be on the party asserting the privilege or confidential nature of the document.

6.      All Confidential Information obtained by one party from the other during the course of this action shall be used only for purposes of this action and shall not be used for any other purpose absent further court order.

7.      Except as provided in subparagraphs 7(i) - (v) below, no Confidential Information may be disclosed to any person without the prior written consent of the party producing the document, or as expressly permitted by this Order, or upon further order of this Court.  Nothing in this Order shall prevent the parties from disclosing or using their own Confidential Information.  Confidential Information **may only** be disclosed to:

    i.i    This Court, including court personnel, court reporters, and persons operating video recording equipment at depositions in this action;

    i.ii    Counsel who have appeared of record for a party in this action and partners, associates, legal assistants, or other employees of such counsel

assisting in the prosecution or defense of this action, and other employees of such counsel;

i.iii    Persons retained by the parties or their attorneys to assist in the prosecution or defense of this case (including investigators, consultants, or expert witnesses);

i.iv    The parties to the litigation; and

i.v    Witnesses identified by the parties.

8.    Prior to a party's counsel disclosing Confidential Information to persons described in subparagraphs 7(iii), (iv), and (v) above, that party's counsel shall: (i) apprise the person(s) of the confidential nature of the information; (ii) apprise such person(s) of the terms and obligations hereunder; (iii) apprise such person(s) that this Court, pursuant to this Order, has limited the use of such information by such person(s) for purposes of this action and has limited the disclosure of such information to certain persons as provided in this Order; and (iv) deliver a copy of this Order to such person(s).

Prior to a party's counsel disclosing Confidential Information to persons described in subparagraphs 7(iii) - (v), the disclosing party shall, in addition to the requirements contained in the preceding paragraph, obtain a written agreement signed and dated by such persons which states substantially the following:

> The undersigned hereby acknowledges that he/she has read the Order, understands the terms thereof, and agrees, upon threat of the penalty of contempt of court, to be bound by those terms. The undersigned shall keep the material and/or information within his/her exclusive possession and control, shall place the material in a secured and segregated location, shall not disclose the information other than to those specifically authorized by the Order, and shall not use or disclose it other than as authorized by the Order. The undersigned understands

4

that the pledge of secrecy under this Agreement continues after this action is terminated.

Copies of all written agreements signed and dated by persons identified in subparagraphs 7 (iii)-(v) shall be maintained by counsel.

The parties' counsel shall at all times retain custody and control of all Confidential Information through and beyond termination of this action.  Nothing herein shall be deemed as restricting the parties' counsel from making copies as required for use in their own offices or for such person(s) enumerated in subparagraphs 7(ii) - (v) of this Order, or for use during examination of witnesses or preparation for such examination, but only for purposes of this action.

9.      In the event any party desires to file a document, brief, memorandum, or any other paper with this Court which discloses any Confidential Information, or the substance thereof, the party filing the confidential material **shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3.** ~~will present to the Court a notice that confidential material is being filed in a sealed envelope or other sealed container marked with the title of the action, identifying each document or thing contained therein, and bearing a statement substantially in the following form:~~

5

~~CONFIDENTIAL~~

~~THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO A~~

~~PROTECTIVE ORDER ENTERED BY THE COURT IN THIS ACTION GOVERNING~~

~~USE OF CONFIDENTIAL MATERIAL.~~

~~All such material so filed shall be maintained by the Clerk of the Court in the sealed envelope or container with the appropriate legend, or otherwise, and shall be released only upon further order of the Court.  The filing of any document under seal is only required if the non-filing party has stamped the document(s) as "Confidential Subject to Protective Order."~~

10.     In the event any Confidential Information is used in any court proceeding herein, including depositions, subject to the rules of evidence, the Federal Rules of Civil Procedure, and any other applicable law, such information shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect the confidentiality of such information during its use.

11.     At any time, a party may object to the designation of any documents or other information as confidential by informing the opposing party of their objection in writing.  If the objection cannot be resolved by the parties, then the matter may be brought before the Court for resolution.  The party asserting confidentiality shall bear the burden of proof.

12.     The provisions of this Order (and any supplements, amendments, or modifications thereof) concerning the use and disclosure of Confidential Information and otherwise safeguarding the confidentiality of Confidential Information of the parties shall continue in effect after the conclusion of this action.

13.     Nothing contained in this Order shall affect the rights, if any, of either party to make any other type of objection, claim, or other response to any subsequent discovery, request,

subpoena, or any question at a deposition, nor shall this Order be construed as a waiver by either party of any legally cognizable privilege to withhold any document or information, or of any right which such party may have to assert such privilege at any stage of the proceedings.

14.    Following the conclusion of this action, including appeals therefrom, and within 60 days of a demand by the opposing party, all information designated as Confidential Information within the meaning of this Order, and each copy, summary or excerpt thereof, shall be returned to the opposing party's counsel, except such copies, summaries, and excerpts thereof as may be in the files of the Court.

15.    For good cause shown, any party may seek modification or termination of this Order.  No party shall seek modification or termination of this Order without complying with D.C.COLO.LCivR 7.1A.

Dated February 23, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**APPROVED AS TO FORM:**

CHAMBERS DANSKY & MULVAHILL LLC

/s/ David J. Dansky

_____

David J. Dansky
1601 Blake Street, Suite 500
Denver, CO 80202
(303) 825-2222
(303) 825-4010 Facsimile
*Attorney for Plaintiff*


OFFICE OF UNIVERSITY COUNSEL

/s/  David P. Temple

_____

David P. Temple
Associate University Counsel
Special Assistant Attorney General
University of Colorado
1800 Grant Street, Suite 700
Denver, CO  80203
(303) 860-5691
(303) 860-5650 Facsimile
*Attorney for Defendant*


18531